UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA BLOUNT, et al., for themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. SECURITY ASSOCIATES, et al.,<br><br>Defendants. | Civil Action No. 12-809 (JDB) |

**MEMORANDUM OPINION & ORDER**

Plaintiffs filed this action on behalf of themselves and others similarly situated against defendants U.S. Security Associates, Inc. ("U.S. Security"), Watkins Security Agency of DC, Inc. ("Watkins DC"), and Watkins Security Agency, Inc. ("Watkins Security Agency"). Plaintiffs are current and former employees of defendants who worked as security guards in District of Columbia public schools. They allege that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the D.C. Minimum Wage Revision Act, D.C. Code §§ 32-1001 et seq., and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 et seq., by not paying them for work they performed or had to be ready to perform during meal breaks. Before the Court is [9] a motion to dismiss filed by defendants Watkins DC and Watkins Security Agency ("the Watkins Defendants"). For the reasons set forth below, the motion will be denied.

BACKGROUND

District of Columbia public schools are guarded by security guards employed by private contractors. See Compl. [ECF 1] ¶ 18. Defendants are contractors that provide security services

to District of Columbia elementary and middle schools pursuant a single contract.  See id. ¶ 19.  U.S. Security is the prime contractor and is responsible for guarding 55% of the schools, and Watkins DC is the subcontractor and is responsible for guarding the other 45%.  See id. ¶ 20.  According to plaintiffs, Watkins DC and Watkins Security Agency, which is based in Maryland, "are alter egos and/or joint employers of individuals working as security guards in the DC Schools."  Id. ¶¶ 10-11.  Plaintiffs allege, for example, that security guards employed by Watkins DC receive paychecks from Watkins Security Agency.  Id.

Plaintiffs worked as security guards for either U.S. Security or the Watkins Defendants.  See id. ¶¶ 21-23.  Hence, plaintiffs are divided into two groups: the U.S. Security Plaintiffs, who bring claims against U.S. Security (Counts I, II, and III), and the Watkins Plaintiffs, who bring claims against the Watkins Defendants (Counts IV, V, and VI).  See id. ¶¶ 21-22, 45-105.  Both sets of plaintiffs had the same job responsibilities, performed the same work, and worked under the same terms and conditions of employment.  See id. ¶ 23.  In all ways relevant to plaintiffs' claims here, defendants' employment and payroll policies were identical.  See id. ¶¶ 23, 27-28.

Plaintiffs filed this action based on defendants' shared policy of deducting 30 minutes of pay per shift for "meal breaks," even though plaintiffs had to remain on school grounds, be "at the ready," and perform any necessary work during their purported meal breaks.  See id. ¶¶ 24-28.  The Watkins Defendants now move to dismiss or, alternatively, to sever Counts IV, V, and VI, arguing that they have been misjoined; Watkins Security Agency moves to dismiss for lack of personal jurisdiction as well.

## DISCUSSION

I.     Joinder

A court may sever a party from an action if the permissive joinder requirements of Federal Rule of Civil Procedure 20(a) are not met.  See Fed. R. Civ. P. 21; Parks v. District of Columbia, 275 F.R.D. 17, 18 (D.D.C. 2011).  Rule 20(a)(2) allows the joinder of multiple defendants if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."  Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  Hence, the requirements for permissive joinder are to be "liberally construed in the interest of convenience and judicial economy."  Spaeth v. Mich. State Univ. Coll. of Law, 845 F. Supp. 2d 48, 53 (D.D.C. 2012) (internal quotation marks omitted).

All of plaintiffs' claims here arise out of a common series of transactions and occurrences – the docking of plaintiffs' pay for half-hour meal breaks during which they actually worked or at least had to be ready to work, pursuant to a payroll policy applied by both U.S. Security and the Watkins Defendants.  In this way, plaintiffs' claims against the different defendants are logically connected and hence meet the "same transaction or occurrence" requirement of Rule 20(a)(2).  See Fed. R. Civ. P. 20(a)(2)(A); Parks, 275 F.R.D. at 18 ("To satisfy the same transaction or occurrence prong, the claims must be logically related." (internal quotation marks omitted)); cf. Spaeth, 845 F. Supp. 2d at 53-54 (finding joinder improper where plaintiff did not claim that defendants acted pursuant to shared policy or allege any other concerted action between defendants).  In addition, plaintiffs' claims against U.S. Security and their claims against the

Watkins Defendants share common questions of law and fact: the two sets of claims are based on identical legal theories and the same core facts. See Fed. R. Civ. P. 20(a)(2)(B); Compl. ¶¶ 45-105 (legal claims); id. ¶¶ 18-29 ("facts common to all claims," including single contract to provide security services, plaintiffs' shared job responsibilities, and defendants' shared payroll policies).

The Watkins Defendants do not dispute that plaintiffs' claims arise out of the same series of transactions and occurrences, or that there are questions of law and fact common to all defendants. Nor do they argue that plaintiffs are improperly joined under Rule 20(a)(1). Rather, the Watkins Defendants' sole argument for misjoinder is that plaintiffs' claims "do not assert a right to joint, several, or alternative relief against U.S. [Security] and either of the Watkins Defendants." See Watkins' Defs.' Mot. to Dismiss [ECF 9], Mem. in Supp. ("Watkins MTD") 2. They claim, in other words, that joinder is improper because no plaintiff is suing both U.S. Security and the Watkins Defendants. See Watkins' Defs.' Reply [ECF 20] ("Reply") 3.

Rule 20(a)(2) does not impose the requirement urged by the Watkins Defendants. The Rule does require that a right to relief be asserted against defendants "jointly, severally, or in the alternative," but the Rule nowhere states that rights to relief against multiple defendants must be asserted by a common plaintiff. See Fed. R. Civ. P. 20(a)(2)(A). Indeed, to require "an allegation of shared liability" in order for defendants to be properly joined, as the Watkins Defendants would have it, see Reply 3, would be to limit defendants that may be joined to those sued jointly and to ignore Rule 20's express provision for joinder of defendants sued jointly, severally, or in the alternative. See Fed. R. Civ. P. 20(a)(2); see also Fed. R. Civ. P. 20(a)(3) ("Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the

4

relief demanded.").

Here, plaintiffs are suing defendants severally: they claim that U.S. Security is liable to the U.S. Security Plaintiffs and that the Watkins Defendants are liable to the Watkins Plaintiffs. Hence, Rule 20's requirement that a right to relief be asserted against each defendant is satisfied, and it is immaterial that no plaintiff is suing both U.S. Security and the Watkins Defendants. See, e.g., Moore v. Comfed Sav. Bank, 908 F.2d 834, 837-39 (11th Cir. 1990) (finding joinder of defendant banks proper even though each named plaintiff had purchased loan from only one of named defendants and had no contact with any other named defendant); 7 Charles Alan Wright et al., Federal Practice & Procedure § 1653 (3d ed. 2012) (stating that Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding").

Joinder of defendants in this case not only comports with Rule 20(a)'s requirements, but also will further the Rule's purpose of "promot[ing] trial convenience and expedit[ing] the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." West Coast Prods., Inc. v. Does 1-5829, 275 F.R.D. 9, 15 (D.D.C. 2011) (internal quotation marks omitted). Given that the legal claims against U.S. Security and the Watkins Defendants are identical, and arise from a common set of facts, severance would create needless inefficiencies for all involved. Accordingly, the Watkins Defendants' motion to dismiss or sever for improper joinder will be denied.

II.     Personal Jurisdiction

Plaintiffs have the burden of proving personal jurisdiction over each defendant. See Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005). They can satisfy that burden by making "a

5

prima facie showing of the pertinent jurisdictional facts." See First Chi. Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988); see also Mwani, 417 F.3d at 7. Plaintiffs "are not limited to evidence that meets the standards of admissibility required by the district court," but rather may "rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." Mwani, 417 F.3d at 7. Nevertheless, plaintiffs must allege "specific acts" connecting the defendants to the forum, and they cannot rely on conclusory allegations. See First Chi. Int'l, 836 F.2d at 1378-79 (internal quotation marks and alteration omitted); Sweetgreen, Inc. v. Sweet Leaf, Inc., 882 F. Supp. 2d 1, 3 (D.D.C. 2012).

The Court's personal jurisdiction over nonresident defendants depends on District of Columbia law and is subject to the requirements of constitutional due process. See Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509 (D.C. Cir. 2002). There are two types of personal jurisdiction: (1) specific, or case-linked, jurisdiction, and (2) general, or all-purpose, jurisdiction. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011); Sweetgreen, 882 F. Supp. 2d at 3. The Court may exercise specific jurisdiction over a nonresident defendant if (1) jurisdiction is authorized by the District of Columbia's long-arm statute, D.C. Code § 13-423, and (2) a finding of jurisdiction satisfies due process. See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). D.C. Code § 13-423(a) provides for the exercise of personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from" the person's engaging in one or more enumerated activities in the District of Columbia, including "transacting any business" and "contracting to supply services." See D.C. Code § 13-423(a)(1)-(2). The Court may exercise general jurisdiction over a non-resident defendant corporation if the corporation is "doing

business" in, and has "continuous and systematic" contacts with, the District of Columbia. See Sweetgreen, 882 F. Supp. 2d at 4 (quoting D.C. Code § 13-334 and Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415 (1984)).

Watkins Security Agency, a Maryland-based corporation, contends that it is not subject to personal jurisdiction in the District of Columbia. Plaintiffs respond that it is subject to both specific and general personal jurisdiction here. See Pls.' Opp'n to Watkins MTD [ECF 17] ("Pls.' Opp'n") 5-8. Plaintiffs rely, in part, on the allegation in their complaint that Watkins Security Agency and Watkins DC are "alter egos and/or joint employers of [plaintiffs]." See Compl. ¶ 11. In support of this allegation, plaintiffs have provided an earnings statement from Watkins Plaintiff Veranda Middleton; the statement shows Watkins DC as the payor, but it lists below the payor line the Baltimore address of Watkins Security Agency. See Pls.' Opp'n, Decl. of Renee M. Gerni ("Gerni Decl."), Ex. 3; Compl. ¶ 10. If Watkins Security Agency in fact "joint[ly] employ[ed]" or paid Middleton and other Watkins Plaintiffs, then the Court might have specific jurisdiction over Watkins Security Agency. See D.C. Code. § 13-423(a). To rebut any claim to that effect, however, Watkins Security Agency has provided a declaration from its Vice President, Ellen Perry, stating that Watkins Security Agency has "never employed" Middleton or any other security guard for the purpose of providing security services to District of Columbia public schools and that it has "never issued paychecks to security guard employees of [Watkins DC]." See Watkins MTD, Decl. of Ellen Perry ("Perry Decl.") ¶¶ 3-4. On this evidence, the Court cannot conclude that there is an adequate factual basis for exercising specific personal jurisdiction.

Plaintiffs also assert that Watkins Security Agency "does business in D.C." and have

provided evidence from the company's website and brochure to support this assertion.  See Pls.' Opp'n 7.  According to plaintiffs, these materials show that Watkins Security Agency describes itself as a "top security[] firm in the Baltimore-DC metropolitan area"; holds itself out as a "D.C. Certified" enterprise on its website; says that it is "licensed to conduct business" in the District; and lists District of Columbia public schools and other District-based entities among its clients.  See Pls.' Opp'n 6-7; Gerni Decl., Exs. 1-2.  Watkins Security Agency responds that the website and brochure relied on by plaintiffs are those of the Watkins Group, Inc., not Watkins Security Agency, and that Watkins Security Agency and Watkins DC are "separate entities that are both associated with [the] Watkins Group."  See Reply 9.  Hence, they reason, none of the District of Columbia contacts cited by plaintiffs are specifically attributable to Watkins Security Agency.  Moreover, Perry avers in her declaration that Watkins Security Agency "does not have any current contacts with Washington, D.C." and "does not conduct and has never conducted any business in Washington, D.C."  See Perry Decl. ¶¶ 8-9.  In the absence of a specific link between Watkins Security Agency and any business in the District, and in light of Perry's statements denying that Watkins Security Agency conducted any such business, the Court concludes that plaintiffs have failed to show the kind of "continuous and systematic" contacts that could support general personal jurisdiction.

      Finally, plaintiffs have not provided specific facts to support their allegation that Watkins Security Agency and Watkins DC are "alter egos" of one another.  See Compl. ¶ 11.  "Although ordinarily a defendant corporation's contacts with a forum may not be attributed to other parties, an exception exists where the other party is an alter ego or agent of the defendant."  Tall v. Comcast of Potomac, LLC, 729 F. Supp. 2d 342, 347 (D.D.C. 2010) (internal quotation marks

8

and alterations omitted); see also D.C. Code § 13-423(a).  If Watkins Security Agency were the alter ego of Watkins DC, then Watkins DC's contacts might be attributed to Watkins Security Agency for jurisdictional purposes.  See Shapiro, Lifschitz & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 22 (D.D.C. 2000).  But as Watkins Security Agency points out, to establish personal jurisdiction on an alter ego theory, plaintiffs would have to show that there is a "unity of interest and ownership" between Watkins Security Agency and Watkins DC such that the two corporations' separate personalities no longer exist.  See id. (quoting Labadie Coal Co. v. Black, 672 F.2d 92, 97 (D.C. Cir. 1982)); Watkins MTD 6.  Plaintiffs have not made this showing; moreover, Perry's declaration states that Watkins Security Agency "did not engage in any conduct by which it dominated or controlled [Watkins DC] so as to make [Watkins DC] [its] instrumentality or adjunct."  See Perry Decl. ¶ 5; see also id. ¶¶ 6-7 (stating that Watkins DC operated as "autonomous legal entity").  Hence, the record does not support the exercise of personal jurisdiction over Watkins Security Agency as an alter ego of Watkins DC.

In summary, plaintiffs have not established a prima facie case of personal jurisdiction on any basis.  Plaintiffs ask the Court to reserve judgment on Watkins Security Agency's motion to dismiss, however, until after they have had an opportunity to take jurisdictional discovery.  See Pls.' Opp'n 8-9.

A party is entitled to jurisdictional discovery if it shows that it can supplement its jurisdictional allegations through discovery.  See GTE New Media, 199 F.3d at 1351.  This is so even where the party has failed to establish a prima facie case of personal jurisdiction, see id. at 1351-52; El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 675-76 (D.C. Cir. 1996), abrogated on other grounds by Samantar v. Yousuf, 130 S. Ct. 2278 (2010); Rundquist v. Vapiano SE, 798 F.

Supp. 2d 102, 119 (D.D.C. 2011); In re Vitamins Antitrust Litig., 94 F. Supp. 2d 26, 35 (D.D.C. 2000), as long as the party has "at least a good faith belief" that discovery will enable it to establish personal jurisdiction, see Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1090 (D.C. Cir. 1998).

      Notwithstanding plaintiffs' limited factual showing and the Watkins Defendants' disavowal of any District of Columbia contacts, the Court concludes that limited jurisdictional discovery is warranted.  First, although Watkins Security Agency is quick to point out that plaintiff Middleton's earnings statement shows that she was paid by Watkins DC, not Watkins Security Agency, it has offered no explanation for the fact that the payor address listed on the earnings statement is the address of its Baltimore headquarters.  The Court is left to guess as to the significance of this fact, but finds that it gives plaintiffs "at least a good faith" reason to think that they will discover evidence linking Watkins Security Agency to the employment practices challenged here.  See Caribbean Broad. Sys., 148 F.3d at 1090.  Second, aside from the Watkins Defendants' rather conclusory assertions that they operate autonomously, there is little (if any) actual evidence on the relationships among Watkins Security Agency, Watkins DC, and the Watkins Group.  For example, the Watkins Defendants' website is not as clear as they make it out to be.[1]  See Reply 9-11.  Although the website states that Watkins Security Agency and Watkins DC are two corporations comprising the Watkins Group, the heading "Watkins Security Agency, Inc." (not "Watkins Group") appears in large, bold letters across the top of the homepage, and

---

[1] The Court has visited the Watkins website at the Internet address referenced in plaintiffs' opposition and attachments thereto, which appears to have changed since plaintiffs filed their opposition.  See Gerni Decl. (attaching copies of screens from http://www.thewatkinsgroup.com/).  Compare id., Ex. 1, with Watkins Security Agency, Inc., http://www.thewatkinsgroup.com/ (last visited Mar. 8, 2013).

phone numbers are listed for a "MD Office" and a "DC Office" – suggesting that Watkins Security Agency is the dominant corporation and is not wholly separate from Watkins DC. Accordingly, Plaintiffs are entitled to conduct discovery on the relationship between the Watkins Defendants and to test their averments that they are not alter egos and that Watkins Security Agency does not do business in the District of Columbia.[2]

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Watkins Defendants' motion to dismiss or sever based on improper joinder is **DENIED**; it is further

**ORDERED** that Watkins Security Agency's motion to dismiss for lack of personal jurisdiction is **DENIED without prejudice**; it is further

**ORDERED** that plaintiffs shall have sixty (60) days to conduct jurisdictional discovery related to the relationship between Watkins Security Agency and Watkins DC, Watkins Security Agency's ties, if any, to plaintiffs' claims in this case, and Watkins Security Agency's business contacts, if any, with the District of Columbia; and it is further

**ORDERED** that by not later than May 7, 2013, the parties shall submit a proposed schedule for any additional briefing on the issue of personal jurisdiction over Watkins Security Agency.

**SO ORDERED**.

---

[2] The Court will deny in part plaintiffs' request to conduct jurisdictional discovery and general, merits discovery simultaneously.  See Pls.' Opp'n 9.  If Watkins Security Agency is not a proper party to this lawsuit, it should not have to participate in general discovery as a party. Hence, only jurisdictional discovery may proceed against it at this time.  Merits discovery may proceed against both U.S. Security and Watkins DC.

/s/
JOHN D. BATES
United States District Judge

Dated: March 18, 2013