**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELA BLOUNT, ET AL., | |
| Plaintiffs, | |
| v. | |
| U.S. SECURITY ASSOCIATES; WATKINS SECURITY AGENCY OF DC, INC.; and WATKINS SECURITY AGENCY, INC., | Civ. No.: 1:12-CV-00809-JDB |
| Defendants. | |

**MOTION TO MODIFY SCHEDULING ORDER TO ALLOW FOR**
**PRE-CONDITIONAL CERTIFICATION DISCOVERY**

Defendant, U.S. Security Associates ("USSA"), respectfully moves this Court to extend its March 18, 2013 scheduling order (Dkt. 47) by sixty (60) days to allow for narrowly-tailored discovery pertaining to whether named Plaintiffs are similarly situated to each other and/or the putative class.

The Court's order requires Plaintiffs to file their Amended Motion for Certification of A Collective Action and Court-Facilitated Notice on Monday, April 1, 2013. The order further requires Defendants USSA, Watkins Security Agency of D.C., Inc. and Watkins Security Agency, Inc. to file their respective responses to Plaintiffs' Amended Motion for Certification on Monday, April 15, 2013.

USSA requests that the Court modify the scheduling order to require that USSA file its response to Plaintiffs' Amended Motion for Certification of A Collective Action and Court-Facilitated Notice on June 14, 20013. USSA requests this extension of time in order to take a total of 5-10 depositions of the four named plaintiffs and a small sample of the opt-in plaintiffs.

USSA consulted counsel for Plaintiffs and Co-Defendants Watkins Security Agency of D.C., Inc. and Watkins Security Agency, Inc. ("Watkins") to seek their positions on this Motion. Counsel for Plaintiffs does not consent to this motion.  Counsel for Watkins do not oppose this motion.

In support of this Motion, USSA rely upon the accompanying Memorandum of Points and Authorities.

Respectfully submitted,
**JACKSON LEWIS, LLP**

March 29, 2013                                  /s/ Paul DeCamp
                                               Garen E. Dodge (D.C. Bar No. 370582)
                                               Paul DeCamp (D.C. Bar No. 476244)
                                               Leslie Stout-Tabackman (D.C. Bar No. 422082)
                                               JACKSON LEWIS LLP
                                               10701 Parkridge Blvd., Suite 300
                                               Reston, VA  20191
                                               Tel:    (703) 483-8300
                                               Fax:    (703) 483-8301
                                               E-mail:  DodgeG@jacksonlewis.com
                                               E-mail:  DeCampP@jacksonlewis.com
                                               E-mail: StoutTaL@jacksonlewis.com

                                               Counsel for U.S. Security Associates, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 29, 2013, he caused a true and correct copy of the foregoing document to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Paul DeCamp
Paul DeCamp

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELA BLOUNT, ET AL., | |
| Plaintiffs, | |
| v. | |
| U.S. SECURITY ASSOCIATES;<br>WATKINS SECURITY AGENCY OF DC,<br>INC.; and WATKINS SECURITY<br>AGENCY, INC., | Civ. No.: 1:12-CV-00809-JDB |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF U.S. SECURITY ASSOCIATES'**
**MOTION TO MODIFY SCHEDULING ORDER TO ALLOW FOR**
**PRE-CONDITIONAL CERTIFICATION DISCOVERY**

Defendant U.S. Security Associates ("USSA"), by and through its attorneys, and pursuant

to this Court's March 18, 2013 Order, hereby submits this memorandum in response to its

Motion To Modify Scheduling Order To Allow For Pre-Conditional Certification Discovery.

**INTRODUCTION**

The decision to certify a collective action under the Fair Labor Standards Act ("FLSA")

is not without consequences, even though it may be subject to correction at the decertification

stage. This Court has broad discretion in managing putative collective actions under the FLSA,

including whether, and at what point, it conditionally certifies a collective action and authorizes

notice to similarly-situated individuals. USSA is requesting the opportunity to develop a

record—through the depositions of a few Plaintiffs—in order to demonstrate why conditional

certification and notice are inappropriate.

By exercising its discretion to allow a brief period for preliminary discovery, this Court

will be better positioned to make a decision as to whether it should authorize class-wide notice.

1

This will promote judicial efficiency because the Court can avoid authorizing class-wide notice based solely on the complaint allegations and conclusory declarations only to later learn, after costly and time-consuming class-wide discover has already taken place, that a collective action was inappropriate from the start.  As such, USSA requests a brief, 60-day extension, to the current scheduling order to conduct depositions of named Plaintiffs and a few opt-in Plaintiffs. Preliminary discovery will amplify the absence of any similarity among the named Plaintiffs and putative class members.

## BACKGROUND

On June 8, 2012, Plaintiffs filed their Motion For Certification of Collective Action And Court-Facilitated Notice.  *See* Dkt. 4.  Plaintiffs seek certification of a collective action regarding approximately 135 security guards that performed duties in dozens of elementary schools, middle schools, and public recreational facilities in Washington, D.C.  *See* Dkt. 1 at ¶ 32.

In support of their Motion, Plaintiffs submitted declarations of four security guards that allege that all guards that work in for USSA and Watkins on the D.C. schools contracts were subject to the automatic meal break deduction policy.  *See* Blount Decl. ¶ 17.  Plaintiffs' motion asserts that claim that Plaintiffs were required to maintain their radios and respond to calls, and therefore did not receive a 30-minute uninterrupted meal period during their shifts.  Pls.' Mot. for Cert. at 5.  Plaintiffs also claim that, until January 2012, they were not permitted to leave the school building during their meal break.  *Id*. at 5.

Some guards were assigned to facilities in which they are the only guard on duty.  *See* Pixley Decl. ¶ 6.  Other guards were assigned to facilities with four or five guards.  *See* Blount Decl. ¶ 5 (4 guards); Johnson Decl. ¶ 10 (5 guards).   Plaintiffs claim that guards were often interrupted by fights between students, calls for assistance from faculty or administration, and

visitors arriving and needing to be checked-in.  *See* Blount Decl. ¶ 9. Plaintiffs further  allege

that they were interrupted 2-3 times per week (Johnson Decl. ¶ 20; Pixley Decl. ¶ 10) or nearly

every day (Blount Decl. ¶ 15).  Another guard asserted that she received calls on her radio during

her scheduled meal 2-3 times per day.  Middleton Decl. ¶ 13.

## ARGUMENT

**I.    COURTS HAVE WIDE DISCRETION TO ORDER PRELIMINARY DISCOVERY AT THE PRE-CONDITIONAL CERTIFICATION STAGE.**

Under the FLSA, a plaintiff may bring an action on behalf of himself and others

similarly-situated is pursuant to 29 U.S.C. § 216(b).[1]  Unlike *class* actions governed by Fed. R.

Civ. P. 23, the two-stage FLSA notice process is not statutorily required by the FLSA, but rather,

is a judicial construction.  Thus, this Court is afforded wide discretion regarding whether to issue

notice.  *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (holding that district courts

"have discretion, in appropriate cases" as to whether to authorize notice to putative class

members).  As such, it is within this Court's discretion to determine how robust of a record it

will review prior to determining whether to authorize class-wide notice.

Courts often permit, or even compel, pre-certification discovery.  *See, e.g.*, *Chase v.*

*Aimco Props. L.P.*, 374 F. Supp. 2d 196, 199 (D.D.C. 2005) (noting previous approval of "initial

discovery in anticipation of plaintiffs' motion for notice of a collective action); *In re: Wells*

*Fargo Wage & Hour Litig.*, 2012 U.S. Dist. LEXIS 112769 (S.D. Tex. Aug. 10, 2012)

(referencing previous court order of pre-conditional certification to complete depositions);

*Hammond v. Lowe's Home Ctrs.*, 216 F.R.D. 666, 671 (D. Kan. 2003) (compelling responses to

---

[1]    The D.C. Minimum Wage Act's counterpart to section 16(b) of the FLSA is D.C. Code § 32-1012(b).  The DCMWA contains many of the same provisions, including a collective action mechanism, that appear in the FLSA and the legislative history shows that they are to be construed consistently with the FLSA.  *See Castillo v. P & R Enters.*, 518 F. Supp.2d 440, 445 (D.D.C. 2007).  As Plaintiffs' Motion For Certification addressed the certification procedures of the FLSA and DCMWA co-extensively, USSA likewise treats the statutes as equivalent for purposes of this memorandum.

interrogatories in pre-conditional certification stage).  Indeed, a "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a frivolous fishing expedition conducted by the plaintiff at the employer's expense" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial[.]" *Lang v. DirectTV, Inc*, 2011 U.S. Dist. LEXIS 150047, *6 (E.D. La. Dec. 30, 2011).

Here, allowing some discovery at the conditional certification stage would only enhance this Court's analysis, and would be consistent with the premise that, in trying to meet their burden, Plaintiffs cannot rely on mere allegations but must make a "modest factual showing" sufficient to demonstrate that they and other potential plaintiffs were "victims of a common policy or plan that violated the law." *Chase*, 374 F. Supp. 2d at 200 (internal citations omitted). Although this standard is "is not heavy, it is not invisible." *Brooks v. A. Rainaldi Plumbing, Inc.*, 2006 U.S. Dist. LEXIS 89417, *6 (M.D. Fla. Dec. 8, 2006).  Defendants should be permitted to depose several plaintiffs and otherwise marshal affirmative evidence, and not be constrained to react solely to what Plaintiffs have put forth in the record. *See Hoffman-LaRoche, Inc.*, 493 U.S. at 170 ("[N]either the remedial purposes of the FLSA, nor the interest of judicial economy, would be advanced if we were to overlook facts which generally suggest that a collective action is improper.").  It would be a waste of resources for both the Court and the parties to permit class-wide discovery without first engaging in an appropriate and informed first-stage analysis when, with a reasonable period of time to depose a handful of Plaintiffs, USSA believes it can show that the named Plaintiffs are not similarly situated among themselves or every security guard they seek to represent.

**II.      PRE-CONDITIONAL CERTIFICATION DISCOVERY IS WARRANTED IN THIS CASE.**

USSA should have the opportunity to explore Plaintiffs' allegations that they are similarly situated with respect to an unlawful policy or plan that somehow deprived them of overtime compensation.

Plaintiffs bear the burden of establishing that notice is appropriate. *See Hanley v. Hand N'Heart, LLC*, 2007 U.S. Dist. LEXIS 64661, *10 (E.D. Va. Aug. 31, 2007).  In doing so, Plaintiffs are required to allege that similarly situated employees were subject to a "common policy or plan that violated the law." *Chase*, 374 F. Supp. 2d at 200.  Courts emphasize that class members in a collective action "must share more than a common allegation that they were denied overtime." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002).  Unsupported assertions of widespread violations are not sufficient to meet a plaintiff's burden. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003).

With their first Motion for Certification, Plaintiffs submitted four declarations of the named plaintiffs.  In addition to these declarations, Plaintiffs have since filed numerous "fill-in-the blank" opt-in forms for opt-in plaintiffs.  Plaintiffs allege that USSA "maintained a policy of automatically deducting one half hour of time for each shift of at least six (6) hours from security guard employees' paychecks for a purported meal period" and conclude that "[b]ecause of this policy, security guards automatically lost a half hour of compensable time for each shift of at least six hours they worked." Dkt. 4 at p. 4.  Plaintiffs further claim that they worked during their meal break by virtue of the allegation that Plaintiffs carried their radios during their break and the allegation that Plaintiffs were required to take their meal break on school grounds. *Id*. at p. 5.  Plaintiffs further claim that their meal breaks were "frequently interrupted." *Id*.

Each of the Opt-In Plaintiffs' "fill-in-the-blank" opt-in forms state:   "During this time period, my employer deducted time as an alleged off-duty 'meal break.'  When this time caused me to work in excess of 40 hours per week, I was not paid time-and-a-half for the overtime portion."  *See e.g.*, Dkt. 14, Notice of Filing Consent Forms, Exhibit A (Consent of Alfreda Bacon) at ¶ 3.

None of Plaintiffs' submissions represents more than a common allegation that plaintiffs were denied overtime.  Indeed, it remains unclear upon what alleged "common policy or plan *that violated the law*" Plaintiffs will base their Amended Certification Motion.  Specifically, automatically deducting for meal breaks is not a violation of the FLSA.  *See  Enright v. CGH Med. Ctr.*, 1999 U.S. Dist. LEXIS 370 at *16 (N.D. Ill. Jan. 12, 1999).   Maintaining radio contact for purposes of responding to emergencies does not necessarily convert break time to working time.  *See Haviland v. Catholic Health Initiatives*, 729 F. Supp. 2d, 1038, 1060-61 (S.D. Iowa 2010).  Further, an employee who is required to take their meal break on an employer's premises is not necessarily "working" during that meal time.  *See* 29 C.F.R. § 785.19(b).  Thus, the only remaining allegation upon which Plaintiffs base their claim that USSA violated the law is that Plaintiffs were "frequently interrupted."

Here, some plaintiffs' declarations state that they were interrupted nearly every day or 2-3 times per week during their lunch break.  Blount Decl. ¶ 15 (nearly every day); Johnson Decl. ¶ 20; Pixley Decl. ¶ 14 (2-3 times per week).  Plaintiffs claim that guards are often interrupted by fights between students, calls for assistance from faculty or administration, and visitors arriving and needing to be checked-in.  *See, e.g.*, Blount Decl. ¶ 9.  The claims do not specify, however, whether the guard performed any action in response to the interruptions or merely received notice of an incident over the radio while another guard on duty handled the matter.   One

plaintiff alleges that she was interrupted by calls on her radio 2-3 times per meal period, but did not specify what action she took or was required to take by the radio calls.  Middleton Decl. ¶ 13.

The information available in the declarations and opt-in forms, however, is not sufficient for this Court to determine whether Plaintiffs and others are "similarly situated" with respect to "frequent interruptions."  Rather, the cause, frequency, and nature of the "frequent interruptions" must be further defined through deposition testimony before the Court can determine whether Plaintiffs and others are "similarly situated."

USSA should be given the opportunity to explore Plaintiffs' statements before filing its response.  Specifically, USSA anticipates that deposition testimony will reveal that whether, and to what extent, Plaintiffs' meal breaks were interrupted was not based on any common policy or plan.  *See, e.g.*, *Saleen v. Waste Mgmt., Inc.*, 2009 U.S. Dist. LEXIS 49891 at *30 (D. Minn. June 15, 2009) (denying conditional certification because evidence demonstrated "considerable variation in the reasons [p]laintiffs and the putative collective action members were not compensated for working through meal breaks").  Instead of the vague assertions in their signed statements, depositions would require Plaintiffs to explain the factual bases for these assertions. USSA believes that depositions will help demonstrate that any alleged commonality regarding interruptions and alleged work performed during meal breaks varies significantly among plaintiffs based on the type of facility to which the plaintiff was assigned (elementary school, middle school, or recreational center), the time of the guard's shift, the post duties related to the facility, and the staffing model of the facility.

## CONCLUSION

For the foregoing reasons, USSA respectfully requests that the Court grant its Motion for Pre-Conditional Certification Discovery and permit 60 days for preliminary discovery, including

depositions of the four named Plaintiffs, and up to five opt-in Plaintiffs, before Defendants file

their respective responses to Plaintiffs' motion.


                                        Respectfully submitted,
                                        **JACKSON LEWIS, LLP**


March 29, 2013                          /s/ Paul DeCamp
                                        Garen E. Dodge (D.C. Bar No. 370582)
                                        Paul DeCamp (D.C. Bar No. 476244)
                                        Leslie Stout-Tabackman (D.C. Bar No. 422082)
                                        JACKSON LEWIS LLP
                                        10701 Parkridge Blvd., Suite 300
                                        Reston, VA  20191
                                        Tel:    (703) 483-8300
                                        Fax:    (703) 483-8301
                                        E-mail:  DodgeG@jacksonlewis.com
                                        E-mail:  DeCampP@jacksonlewis.com
                                        E-mail: StoutTaL@jacksonlewis.com

                                        Counsel for U.S. Security Associates, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 29, 2013, he caused a true and correct copy of the foregoing document to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Paul DeCamp
Paul DeCamp